UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

RICHARD HARRY CLARK,

Debtor.
_____/

Case No. 23-49061

Chapter 13

Judge Thomas J. Tucker

**OPINION AND ORDER OVERRULING THE DEBTOR'S CLAIM OBJECTION,
AND CANCELLING THE AUGUST 29, 2024 HEARING ON THE CLAIM OBJECTION**

This case is before the Court on the objection to claim filed by the Debtor, Richard Clark, entitled "Objection to Proof of Claim Filed by Jillian T. Clark (Court Claim No. 6-3 - Filed June 20, 2024)" (Docket # 102, the "Claim Objection"). The Claim Objection seeks an order disallowing in its entirety the claim filed by the Debtor's ex wife, Jillian Clark (the "Creditor"), in the form of the Creditor's Proof of Claim No. 6-3, filed in this case on June 20, 2024 (the "POC"). Currently the Claim Objection is scheduled for a hearing to be held on August 29, 2024. For the following reasons, however, the Court concludes that a hearing on the Claim Objection is not necessary, and that the Claim Objection must be overruled.

On August 19, 2024, in Adv. No. 24-4021, this Court filed a written opinion (Docket # 59 in Adv. No. 24-4021, the "August 19 Opinion"), and a related Order (Docket # 60 in Adv. No. 24-4021, the "August 19 Order"). In the August 19 Opinion and in the August 19 Order, this Court held, among other things, the following:

A. The Creditor's POC accurately included and listed several components of the judgment debt that the Debtor owes to the Creditor, under the judgment entitled "Judgment of

Divorce" that was entered on April 6, 2023 (the "JOD")¹ by the Circuit Court for the County of Oakland, Michigan (the "State Court"), in the parties' divorce case, *Jillian T. Clark v. Richard H. Clark,* Case No. 21-505969-DM (the "Divorce Case").² *See* Part IV.B and  of the August 19 Opinion.

B.  The JOD is a final judgment of the State Court, and the Debtor is barred from contesting his debt to the Creditor under that judgment, or from seeking relief from that judgment, or from collaterally attacking that judgment, in this Court.  This is so under both the doctrine of collateral estoppel and the *Rooker-Feldman* doctrine.  *See* Parts V.D and V.E of the August 19 Opinion.  Rather, the Debtor must seek any relief from the JOD in the State Court system, by seeking relief in the State Court from the JOD and/or by appealing the JOD.  *See id*.  Unless and until the Debtor obtains a reversal, modification, or other material relief of or from the JOD in the State Court system, the Debtor is bound by the JOD.

The Debtor's Claim Objection argues, vehemently and repeatedly, that the State Court judge in the divorce case was biased against the Debtor and actually is corrupt, and that the JOD and the State Court Opinion are wrong and unjust in many ways, are not based on evidence, and are contrary to the evidence presented.  As this Court held in the August 19 Opinion, however, these harsh criticisms are ones that the Debtor must take up in the State Court system, if at all, not in this Court.  *See* Part V.E of the August 19 Opinion.

---

¹  A copy of the JOD is attached as Exhibit B to the Plaintiff's Adversary Proceeding Complaint (Docket # 1-2 in Adv. No. 24-4021).

²  The JOD was preceded by a 112-page written opinion, filed by the State Court on January 17, 2023 (the "State Court Opinion").  A copy of the State Court Opinion is attached as Exhibit A to the Plaintiff's Adversary Proceeding Complaint (Docket # 1-1 in Adv. No. 24-4021).

For these reasons, this Court must overrule the Debtor's Claim Objection.

IT IS ORDERED that:

1. The Debtor's Claim Objection (Docket # 102) is overruled, in its entirety.

2. The hearing on the Claim Objection, scheduled for August 29, 2024, is cancelled.

**Signed on August 23, 2024**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**